UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

United States of America,

    Plaintiff/Respondent,

                                                                     Criminal Case No. 12-20218

v.

                                                                     Hon. Sean F. Cox

D-13 Nicolas Hood,

    Defendant/Petitioner.

_____/

**OPINION & ORDER
DENYING § 2255 MOTION (Doc. # 419), DENYING MOTION FOR ABEYANCE (Doc. # 415) AND DECLINING TO ISSUE A CERTIFICATE OF APPEALABILITY**

In Criminal Case Number 12-20218, Petitioner Nicolas Hood ("Petitioner") pleaded guilty, pursuant to a Rule 11 Plea Agreement, to one count of Robbery Affecting Interstate Commerce, in violation of 18 U.S.C. § 1951 and one count of Using or Carrying a Firearm During a Federal Crime of Violence, in violation of 18 U.S.C. § 924(c). This Court sentenced Petitioner to a total term of 108 months of imprisonment.

The matter is now before the Court on Petitioner's *pro se* letter, construed by the Court as a Motion to Vacate Sentence brought pursuant to 28 U.S.C. § 2255. (Doc. # 419, Pet. Br.). Petitioner's request for relief is based upon the Supreme Court's decision in *Johnson v. United States*, 135 S.Ct. 2251 (2015), which held that the residual clause of the Armed Career Criminal Act ("ACCA") was unconstitutionally vague. The Government has filed a response opposing Petitioner's motion. (Doc. # 405, Gov't Resp.). Petitioner has replied to the Government's response. (Doc. # 415).

Because the files and records of the case conclusively establish that Petitioner is not

1

entitled to relief as to any of the claims set forth in this § 2255 motion, an evidentiary hearing is not necessary. The motion is therefore ready for a decision by this Court. For the reasons set forth below, Petitioner's motion to vacate will be **DENIED**. To the extent that Petitioner intended Docket Entry No. 415 to serve as a motion to hold this cause of action in abeyance, it is **DENIED AS MOOT**. Moreover, the Court declines to issue a certificate of appealability.

## BACKGROUND

On March 20, 2014, Petitioner was charged in a Fifth Superseding Indictment with committing a cellular telephone store robbery affecting interstate commerce and with using or carrying a firearm during a federal crime of violence, in violation of 18 U.S.C. §§ 1951 and 924(c) respectively. (Doc. # 290, Fifth Superseding Indictment). On May 14, 2014, Petitioner pleaded guilty to the charges pursuant to a Rule 11 Plea Agreement. (Doc. 306, Rule 11 Plea Agreement). The Agreement provided for a sentencing guideline range of 111-117 months, with a cap of 117 months. (*Id*. at ¶¶ 2B and 3A).

On October 27, 2014, this Court sentenced Petitioner to 24 months on Count 1 and to 84 months on Count 2, to run consecutively to the sentenced imposed on Count 1. (Doc. # 368). Petitioner did not file a direct appeal.

On June 23, 2016 and June 27, 2016, Petitioner filed two letters asking the Court to examine his case in light of the Supreme Court's decision in *Johnson v. United States*, 135 S.Ct. 2251 (2015). (Doc. # 392, 393). On June 29, 2016, Petitioner filed a third letter, which he stated "serve[d] as [Petitioner's] Motion for sentencing relief based on the recent Supreme Court holdings in Johnson v. United States ... and in Welch v. United States..." (Doc. # 419, Pet. Br.) (underlined text in original). This Court construes Petitioner's June 29, 2016 letter as a 28

2

U.S.C. § 2255 Motion to Vacate Sentence.

The Government filed a brief in opposition to the motion on September 23, 2016. (Doc. # 406, Gov't Resp.). On October 11, 2016, Petitioner filed "Objections" to the Government's response and also asked that the Court place this cause of action in abeyance "until the United States Supreme Court decides **Beckles v. United States** ... in which case the Supreme Court rule in favor of Beckles, the [Government] would lack subject-matter jurisdiction over [Petitioner's] 18 U.S.C. § 924(c), and 18 U.S.C. § 1[9]51 Hobbs Act Robbery..." (Doc. # 415, Pet. Reply) (emphasis in original). The Court construes the objections as Petitioner's reply to the Government's response and as a motion to place this cause of action in abeyance.[1]

## STANDARD

Petitioner's motion is brought pursuant to 28 U.S.C. § 2255, which provides:

> A prisoner in custody under a sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence imposed was in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such a sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside, or correct the sentence.

28 U.S.C. § 2255(a). To prevail on a § 2255 motion, "a petitioner must demonstrate the existence of an error of constitutional magnitude which has a substantial and injurious effect or influence on the guilty plea or the jury's verdict." *Humphress v. United States*, 398 F.3d 855,

---

[1] On March 6, 2017, the United States Supreme Court issued *Beckles v. United States*, 580 U.S. __, 2017 WL 855781 (March 6, 2017), wherein the Court ruled that the Federal Sentencing Guidelines are not subject to vagueness challenges under the Due Process Clause. To the extent that Petitioner seeks to have this action held in abeyance pending the Supreme Court's decision, this request is now moot. Moreover, Petitioner's reliance on *Beckles* is misplaced, as *Beckles* does not apply to instant facts. And finally, in light of the Supreme Court's recent decision, *Beckles* would not offer Petitioner the relief he seeks even if it was applicable.

858 (6th Cir. 2005). A movant can prevail on a § 2255 motion alleging non-constitutional error only by establishing a "fundamental defect which inherently results in a complete miscarriage of justice, or an error so egregious that it amounts to a violation of due process." *Watson v. United States*, 165 F.3d 486, 488 (6th Cir. 1999).

The Court must hold an evidentiary hearing on a § 2255 motion "[u]nless the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief . . . ." 28 U.S.C. § 2255(b); *Blanton v. United States*, 94 F.3d 227, 235 (6th Cir. 1996) ("evidentiary hearings are not required when . . . the record conclusively shows that the petitioner is entitled to no relief."). Because the files and records of the case conclusively show that Petitioner is not entitled to relief as to any of the claims in this § 2255 motion, an evidentiary hearing is not necessary and the matter is ripe for a decision by this Court.

## ANALYSIS

**A.     Petitioner May Not Rely On *Johnson* To Collaterally Attack § 924(c) Convictions**

The Government advances one argument against Petitioner's motion: "the Sixth Circuit has declined to extend *Johnson* to section 924(c) convictions." (Gov't Resp. at 2). The Court agrees that Petitioner's § 2255 motion fails on this basis.

In *Johnson v. United States*, the Supreme Court invalidated the ACCA residual clause for being unconstitutionally vague. *Johnson*, 135 S.Ct. At 2257. Here, Petitioner cannot rely on *Johnson* for relief because the Court did not sentence Petitioner under the ACCA's residual clause. In fact, Petitioner was not sentenced under the ACCA at all.

Petitioner appears to be relying on *Johnson* to collaterally attack his 18 U.S.C. § 924(c) sentence. Presumably, Petitioner's position is that *Johnson* reaches § 924(c)(3)'s definition of a

4

"crime of violence" since section 924(c)(3) includes a residual clause similar to the ACCA residual clause invalidated in *Johnson*. *See* 18 U.S.C. § 924(c)(3)(B).

Under § 924(c), anyone who uses or carries a firearm during or in relation to a "crime of violence" is subject to a mandatory minimum sentence. For purposes of § 924(c), a "crime of violence" is a felony offense that:

> (A) has an element the use, attempted use, or threatened use of physical force against the person or property of another, or
>
> (B) that by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense.

18 U.S.C. 924(c)(3). "The first clause, 924(c)(3)(B), is commonly referred to as the 'force' clause. The second, 924(c)(3)(B), is commonly referred to as the 'residual' clause[.]" *United States v. Moore*, 2016 WL 2591874, at *3 (E.D. Mich. May 5, 2016).

Here, the predicate crime of violence charged in this case was a Hobbs Act robbery (*i.e.*, robbery affecting interstate commerce). (Fifth Superseding Indictment, at Pg ID 1513). A Hobbs Act robbery, by definition, requires "actual or threatened force, or violence, or fear of injury." 18 U.S.C. § 1951(b)(1). This definition fits squarely within the definition of "crime of violence" as set forth the "force" clause of § 924(c)(3)(A). Thus, as the Government persuasively argues, there is no need to resort to the "residual" clause of § 924(c)(3)(B) to determine whether a Hobbs Act robbery constitutes a "crime of violence" for purposes of § 924(c) firearm charges. *See Washington v. United States*, 2016 WL 4089133, at *1 (E.D. Mich. Aug. 2, 2016) ("Courts both within this Circuit and outside of it have held, even in the wake of *Johnson*, that Hobbs Act robbery qualifies as a crime of violence under the force clause of § 924(c)(3)(A), not the residual clause").

5

Moreover, even if it were necessary to rely upon the residual clause of § 924(c)(3)(B) to establish whether or not a Hobbs Act robbery constitutes a "crime of violence," Petitioner would still not be entitled to the relief he seeks here. To the extent that Petitioner is arguing that the residual clause under § 924(c)(3) is vague and unconstitutional because it uses the phrase "crime of violence" or because it contains a residual clause similar to that of the ACCA, this argument has already been rejected by the Sixth Circuit and district courts within it. *See, e.g., United States v. Taylor*, 814 F.3d 340, 379 (6th Cir. 2016) (rejecting the petitioner's "argument that *Johnson* effectively invalidated § 924(c)(3)(B)"); *Moore v. United States*, 2017 WL 68494 (N.D. Ohio 2017) (same).

**B.     Certificate of Appealability**

A certificate of appealability must issue before a petitioner may appeal the district court's denial of his § 2255 Motion. 28 U.S.C. § 2253(c)(1)(B); Fed. R. App. P. 22(b). 28 U.S.C. 2253 provides that a certificate of appealability may issue only if a petitioner makes a substantial showing of a denial of a constitutional right. 28 U.S.C. 2253(c)(2).

"Where a district court has rejected the constitutional claim on the merits, the showing required to satisfy 2253(c) is straightforward: The petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

The Court concludes that reasonable jurists would not find the Court's assessment of Petitioner's claims debatable or wrong. As such, the Court declines to issue a certificate of appealability.

## CONCLUSION & ORDER

For the reasons set forth above, **IT IS ORDERED** that Petitioner's 28 U.S.C. § 2255 motion (Doc. # 419) is **DENIED**. **IT IS FURTHER ORDERED** that, to the extent that Petitioner intended to have Docket Entry No. 415 serve as a motion to place this cause of action in abeyance pending *Beckles v. United States*, the motion is **DENIED AS MOOT**.

Additionally, this Court declines to issue a certificate of appealability. This Court also certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith.

**IT IS SO ORDERED**.

Dated: March 29, 2017                     s/Sean F. Cox
                                          Sean F. Cox
                                          U. S. District Judge


I hereby certify that on March 29, 2017, the foregoing document was served on counsel of record via electronic means and upon Nicolas Hood via First Class mail at the address below:

Nicholas Hood 49831039
CUMBERLAND
FEDERAL CORRECTIONAL INSTITUTION
Inmate Mail/Parcels
P.O. BOX 1000
CUMBERLAND, MD 21501

                                          s/J. McCoy
                                          Case Manager